IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TESHA S. HANCOCK                                                    PLAINTIFF


                    v.                         CIVIL NO. 14-5216


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tesha S. Hancock, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her current application for SSI on July 21, 2011, alleging an inability to work due to Hepatitis C, non-epileptic seizures, and anxiety. (Tr. 132, 160).  An administrative hearing was held on January 17, 2013, at which Plaintiff appeared with counsel and testified.  (Tr. 29-70).

By written decision dated May 10, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: Hepatitis C; pseudoseizures; a depressive disorder, not otherwise specified (NOS); a generalized anxiety

AO72A
(Rev. 8/82)

disorder/cannabis-induced anxiety disorder; a social anxiety disorder; a conversion disorder; and a personality disorder (NOS). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 416.967(c) except she must avoid even moderate exposure to hazards, including no driving as part of work. The claimant is further able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct, and concrete.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an industrial cleaner, and a hand packer. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 6, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 10; Doc. 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

-3-

AO72A
(Rev. 8/82)

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. § 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in failing to consider Plaintiff's impairments in combination; 2) the ALJ erred in his analysis and credibility findings with regard to Plaintiff's subjective complaints of pain; 3) the ALJ erred in determining Plaintiff retains the RFC to perform a limited range of medium work; and 4) the ALJ erred in failing to fully and fairly develop the medical record.

**A.    Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 13).  The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 14).  Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments.  Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

**B.    Subjective Complaints and Credibility Analysis:**

We now address the ALJ's assessment of Plaintiff's subjective complaints.  The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including

-4-

evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief,  it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  As noted by the ALJ, a review of the record revealed that Plaintiff was able to take care of her two children; to feed and give water to her pets without help; to take care of her personal needs, noting that sometimes caring for her hair was impacted by her arms giving out; to prepare meals; to perform household chores; to walk; to drive short distances; to shop for groceries and household needs; to watch television; and to talk on the phone. (Tr. 168-175).  In September of 2011, Plaintiff reported to Dr. Terry Efird that she was able to drive unfamiliar routes, but noted she could not read a map; that she could shop independently, but noted she would experience anxiety; that she could perform activities of daily living adequately, but tired a bit quicker; that she would visit with her sister every other weekend; and that she visited her neighbor to some extent on a daily basis. (Tr. 288).  At the administrative hearing, Plaintiff testified that she worked on a call-in basis at the school in the

-5-

cafeteria preparing meals for the students, noting she had been called to work about seven times

since October of 2012. (Tr. 44, 47, 57). Plaintiff testified that when she works in the cafeteria

she will be at work at 6:45 in the morning, and get home around 1:30 in the afternoon[1]. (Tr. 53,

57). Plaintiff also testified that if she needed to go to the store for a drink or to go visit her

friend, she would walk. (Tr. 59).

With respect to Plaintiff's mental impairments, the ALJ noted that in March of 2012, Dr.

Jack Edmisten, of Ozark Guidance, evaluated Plaintiff and stated as follows:

> I discussed with [the] patien[t] that MJ [marijuana] can cause her Anxiety
> disorder; however, she desires to continue to use and I explained that I feel it
> would not help to medicate her as long as she continues to sm,oke (sic) MJ..She
> is unwilling to give it up. Therefore, I feel using meds would be useless. She
> does admit it causes anxiety only on occasion.

(Tr. 388). Plaintiff reported to Dr. Edmisten that she smoked marijuana when her children were

at school or after they had gone to bed. (Tr. 387). In assessing Plaintiff's credibility, the ALJ

properly noted the inconsistencies between Plaintiff's report to Dr. Edmisten that she used

marijuana daily, and the other medical evidence wherein Plaintiff denied the use of illegal

substances for the past seven years both prior to and after her examination with Dr. Edmisten.

(Tr. 356, 359). With respect to Plaintiff's alleged fatigue and concentration issues, a review of

the record revealed that Plaintiff, on more than one occasion, denied feeling down, feeling tired

or having little energy, having trouble sleeping, or having trouble concentrating. (Tr. 353, 356,

433, 437). It is also noteworthy, the Dr. Margaret Rutherford noted that it was significant that

---

[1] The Court notes that at the administrative hearing, the ALJ requested that Plaintiff's counsel submit pay-stubs
for Plaintiff's work at Sonic, and the Huntsville School District. (Tr. 68). Plaintiff testified she would be paid
$45.00 per day for this work. (Tr. 47). One pay-stub from the Huntsville School District was submitted twice,
and it indicates Plaintiff worked for 2.0 hours for $90.00, for the pay period of October 31, 2012. (Tr. 157-158).

AO72A
(Rev. 8/82)

Plaintiff's seizure-like episodes stopped when Plaintiff had a good relationship with the therapist. (Tr. 429).

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The record further revealed that Plaintiff was able to come up with the funds to support her cigarette smoking habit during the relevant time period.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C.    The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's

-7-

determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform medium work with limitations.  The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  Plaintiff's capacity to perform medium work with limitations is also supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on her activities that would preclude performing the RFC determined.  See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability).  Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

### D.    Fully and Fairly Develop the Record:

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period.  See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop

-8-

record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

### E.    Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as an industrial cleaner, and a hand packer, during the time period in question. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.   Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 13th day of July, 2015.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-9-